IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PABLO SERANO-VILLASENOR, | ) | CV 08-928    AWI |
| | ) | CR 05-241    AWI |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| | ) | PETITIONER'S § 2255 |
| v. | ) | PETITION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Doc. Nos. 93, 94, and 95 ) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Pablo Serano-Villasenor ("Petitioner") is a federal prisoner and proceeds pro se and seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On August 23, 2006, Petitioner was found guilty by a jury of Count I-Conspiracy to Manufacture, and Possess with the Intent to Distribute Marijuana; Count II-Manufacture of Marijuana and Aiding and Abetting; Count III-Possession of Firearms in the Furtherance of a Drug Trafficking Crime and Aiding and Abetting; and Count IV-Conspiracy to Possess Firearms in the Furtherance of a Drug Trafficking Crime.  On November 20, 2006, Petitioner was sentenced to 240 months imprisonment.  On December 1, 2006, judgment was entered.  On December 1, 2006, Petitioner filed a notice of appeal to the United States Court of Appeals for

the Ninth Circuit. On November 14, 2007, the Court of Appeals affirmed the Petitioner's conviction. On March 17, 2008, the Supreme Court of the United States denied Petitioner's request for a writ of certiorari. On June 27, 2008, Petitioner filed this Section 2255 petition. Petitioner moves to vacate his sentence based on the allegation that this court stated that it would adopt the findings and recommendations of the probation officer, which recommended a sentence of 180 months, but instead sentenced Petitioner to 240 months.

## DISCUSSION

The court must deny Petitioner's motion because he did not raise this claim regarding the supposed defects in his sentencing on direct appeal. See Doc. No. 92. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). "If a criminal defendant could have raised a claim of error on direct appeal but nevertheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003). "Generally, to demonstrate 'cause' for procedural default, an appellant must show that 'some objective factor external to the defense' impeded his adherence to the procedural rule." Id.

Petitioner was sentenced to 240 months and not 180 months, as recommended in the Pre-Sentence Investigation Report ("PSIR"), because at Petitioner's sentencing hearing, the Government informed this court that Count III carried a 120 month mandatory minimum and not a 60 month mandatory minimum because a sawed off shotgun was involved in the offense. See Petitioner's Sentencing Transcript at pages 11-13. The court informed Petitioner that pursuant to 18 U.S.C. Section 924(c)(1)(B)(I), Count III did in fact carry a 120 month mandatory minimum. Id. at 13. The court noted that the jury found that the Petitioner possessed two sawed-off shotguns in furtherance of drug trafficking by way of a special question on the jury verdict form. Id. at pages 11-12. Petitioner's counsel, Melody Walcott ("Walcott"), was given an

opportunity to respond and she informed the court that she had previously discussed this sentencing matter with Petitioner. Id. at page 12. Walcott advised the court that Petitioner desired to go forward with the sentencing. Id. Furthermore, the court asked Petitioner if there was any legal cause why sentence should not be imposed and Walcott advised the court that there was no cause. Id. at 13. Therefore, based on the hearing transcript, it appears that Petitioner was aware of the alleged sentencing issue at the time of sentencing and nevertheless informed the court that he wished to proceed with sentencing.

Because Petitioner could have raised his alleged sentencing error on direct appeal, but did not, he may not raise this issue on collateral review, absent a showing of cause excusing his procedural default, and actual prejudice resulting from the claim of error. Sentencing errors not raised on direct appeal are waived and may not be reviewed by Section 2255 motion. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994). Petitioner has not shown any cause as to why he could not have raised this sentencing issue on direct appeal and therefore waived the issue.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Section 2255 motion is DENIED.

**ORDER**

For the reasons set forth above, this court orders the following:

1. Petitioner's Section 2255 petition is DENIED; and
2. Clerk of the Court is ordered to CLOSE this case.

IT IS SO ORDERED.

**Dated:**   February 17, 2010            /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE

3